UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SUSAN MILLER,

               Plaintiff,

     - against -

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-5214 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Susan Miller filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff disability benefits. After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA, where Plaintiff was awarded $117,542 in past-due benefits. (Golick Decl., Dkt. 23-1, ¶ 16.) Plaintiff's counsel, Toby Golick ("Golick"), now moves for $29,385.50 in attorney's fees pursuant to 42 U.S.C. § 406(b).[1] For the reasons explained below, Golick's motion is granted and she is awarded $29,385.50.

## BACKGROUND

Plaintiff retained Golick to represent her both before the SSA for administrative proceedings contesting denial of her disability benefits beginning in November of 2019 and in this action, which was filed on October 29, 2020. (Dkt. 1; Dkt. 23-1, ¶¶ 4, 9, 15.) On August 2, 2021, Plaintiff filed a motion for judgment on the pleadings seeking this Court's review of the administrative proceedings conducted by the SSA. (Dkt. 14.) The parties subsequently stipulated to remand the case to the SSA. (Dkt. 19.) This Court then awarded Plaintiff $7,500 in attorney's

---

[1] Plaintiff's counsel does not request costs, only attorney's fees.

fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on November 3, 2021.  (Dkt. 21; 11/3/2021 Docket Order.)

After the SSA undertook further review of Plaintiff's case, which included an additional hearing before an Administrative Law Judge ("ALJ") on December 6, 2022, at which Golick represented Plaintiff, Plaintiff received a fully favorable decision from the ALJ on March 13, 2023.  (Dkt. 23-1, ¶ 15.)  On April 23, 2023, the SSA mailed Plaintiff a Notice of Award letter informing her of her benefits award and notifying her that 25% of that award, or $29,385.50, was being withheld as possible attorney's fees.  (Dkt. 23-4, at ECF 4.)[2]  Consequently, Golick filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) on May 5, 2023.  (Dkt. 23.)  Along with her motion for attorney's fees, Golick submitted an affidavit with attachments, including: (1) a fee agreement demonstrating that Miller had retained Golick on a contingency-fee basis whereby Miller would pay Golick "25% of any past-due benefits payable to [her]" if she won her case (Dkt. 23-2, at ECF 2); (2) itemized time records indicating that Golick spent a total of 57.6 hours litigating this matter (Dkt. 23-3 at ECF 2); and (3) the aforementioned Notice of Award (Dkt. 23-4).  Golick's request amounts to an effective rate of $510.16 per hour (57.6 hours of work for $29,385.50).  The SSA filed a response to Golick's motion for attorney's fees on May 10, 2023.  (Dkt. 25.)  In their "limited role as a trustee," the SSA contends that Golick's attorney's fees motion is timely, in line with the operative contingency-fee agreement, and that they are unaware of fraud or overreaching, but "defer[] to the Court" as to whether the requested fee is reasonable.  (*Id.* at ECF 1–3.)

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

## DISCUSSION

**I.     Timeliness**

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 88, 89 n.5. Furthermore, under Rule 54(d), "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

As Plaintiff's counsel filed this motion on May 5, 2023 (Dkt. 23), just 12 days after the SSA issued its Notice of Award to Plaintiff (Dkt. 23-4, at ECF 2), this motion is timely filed.

**II.    Reasonableness of the Requested Fee**

   **A.  Legal Standard**

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider "(a) the character of the representation and the result the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due

3

benefits,³ and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." *Id.* at 849, 853 n.2.

To analyze the third factor, *i.e.*, whether a fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. Specifically, courts should also consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. The court further warned that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v.*

---

³ This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

*Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *4 (N.D.N.Y. July 10, 2009)).

### B. Application

Here, Plaintiff retained Golick pursuant to a contingency-fee agreement that entitles her to up to 25% of Plaintiff's past-due benefits. (Dkt. 23-2, at ECF 2.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Golick seeks the full 25% of Plaintiff's past-due benefits. At 56.7 hours of work, this is an effective hourly rate of $510.16. The Court finds that amount to be reasonable.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849. Here, counsel's briefing was professional and effective. In fact, counsel's thorough briefing prompted the SSA to agree to a remand and her advocacy before the agency on remand achieved the exact result Plaintiff sought—an award of past-due and future benefits.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Id*. Here, the Court notes that it was not counsel, but the SSA, that requested two extensions of time to file the administrative record in this case due to backlogs created by the COVID-19 pandemic. (Dkts. 10, 11.) The record is otherwise devoid of any indications of unreasonable delay.

5

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 56.7 hours was a reasonable amount of time to expend on this case. In *Fields*, the Second Circuit found that less than half that amount of time—25.8 hours—reviewing an 863-page transcript, drafting a 19-page brief, and obtaining a stipulation of dismissal demonstrated particular efficiency and justified a *de facto* hourly rate of $1,556.98. 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work). Golick "reasonably" took "twice as much time" here. *Id.* In Plaintiff's case, the administrative transcript was 541 pages (Dkt. 12), the opening brief was 35 pages (Dkt. 14), and Plaintiff's counsel obtained a stipulation of remand (Dkt. 19). Furthermore, Plaintiff's counsel thoroughly reviewed the record and submitted an opening brief that revealed multiple independent, meritorious grounds for remand. (Dkt. 14, at ECF 20–36.) Accordingly, the amount of time spent by Golick on Plaintiff's case is appropriate under *Fields*. *See Schultz v. Comm'r of Soc. Sec.*, 18-CV-5919 (PKC), 2022 WL 2918237, at *3 (E.D.N.Y. July 25, 2022) (noting that "40.1 hours is on the higher end of what is typically required for these straightforward cases," but is not enough, "standing alone," for a downward adjustment). Furthermore, Golick's expertise in welfare law is evidenced by her more than 50-year tenure in the field, her published scholarship in the field, and her position as a clinical professor emeritus on this subject at the Benjamin N. Cardozo School of Law. (Dkt. 23-1, ¶ 22.) Accordingly, no downward adjustment is justified regarding the first "windfall" factor.

Second, regarding "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court notes that Golick represented Plaintiff in front of the SSA before filing this suit and on remand (Dkt. 23-1, ¶¶ 4, 9, 15). In *Fields*, the plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before ALJs and multiple petitions to the SSA Appeals Council. *Fields*, 24 F.4th at 855. The Court in *Fields* considered that Plaintiff's counsel's greater involvement at the agency level may have further enabled him to efficiently brief plaintiff's arguments before the district court, thereby distinguishing the case from others in which a windfall was found. *See id*. Here, Plaintiff's counsel was retained in 2019, and Golick represented Plaintiff at two administrative hearings in addition to the present action. (Dkt. 23-1 ¶¶ 4, 15.) Golick expended time reviewing the administrative record and drafting Plaintiff's motion for judgment on the pleadings, resulting in a significant, six-figure award for her client. *See, e.g.*, *Sue-Anne O.M. v. Kijakazi*, No. 20-CV-301, 2023 WL 3737712, at *1, 3 (D. Conn. May 31, 2023) (granting motion for attorney's fees where lawyer represented client "through all phases of her claim for benefits" and noting that the length of this relationship likely allowed the attorney to operate with efficiency at the federal level); *Newlin v. Kijakazi*, No. 19-CV-6248, 2022 WL 950981, at *5 (S.D.N.Y. Mar. 30, 2022) (evaluating attorney's "significant investment of time and effort" in plaintiff's case at the agency level in granting a fee award). This factor therefore does not justify a downward adjustment.

Third, the Court presumes that Plaintiff is satisfied with receiving the past-due benefits that she sought and the future benefits she will receive; there is no evidence in the record to the contrary. *See Vomero v. Comm'r of Soc. Sec.*, 19-CV-5799 (PKC), 2022 WL 2918330, at *3 (E.D.N.Y. July 25, 2022) (finding no downward adjustment on the third "windfall" factor was required where

7

there was "only one brief delay"); *Daniels v. Comm'r of Soc. Sec.*, 20-CV-430 (PKC), 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022) (same). Therefore, the third factor does not warrant any downward adjustment.

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371. Despite counsel succeeding relatively quickly—the parties stipulated to remand after Plaintiff filed her opening brief—this case was not inherently less risky than other similar cases. Therefore, the fourth factor also does not warrant a downward adjustment.

Based on an analysis of the factors above, the Court finds the requested amount of attorney's fees to be reasonable and grants Plaintiff's motion. Additionally, upon receiving the § 406(b) award, Golick must remit the $7,500 received pursuant to the EAJA to Plaintiff.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted and Plaintiff's counsel is awarded $29,385.50 in attorney's fees. Upon receipt of this award from the government, Golick shall promptly refund Plaintiff $7,500, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: August 4, 2023
      Brooklyn, New York

8